MEMORANDUM **
Raymond June was convicted of two counts of aggravated sexual abuse of a minor. He was sentenced to 324 months in prison for each count, to be served concurrently. On appeal, June argues that the district court erred both in finding that June had never asked for a lawyer during his interrogation, and in finding that his confession was voluntary. Next, June argues that his sentence was unreasonable. We reject these contentions, and affirm both the conviction and the sentence imposed by the district court.
1. The Interrogation
June has two distinct arguments relating to his interrogation by FBI agents in August of 2006. First, he argues that the agents ignored his request for a lawyer. The interviewing FBI Agent, Special Agent Smylie, testified that June did not in fact request a lawyer. The district judge concluded that the agent was more credible, and specifically found that June did not in fact request a lawyer. This conclusion is buttressed by the fact that June signed a waiver of his Miranda rights that indicated his willingness to speak without a lawyer. The district judge’s factual conclusion is not clearly erroneous in light of the record. See United States v. Haswood, 350 F.3d 1024, 1027 (9th Cir.2003) (reviewing factual findings for clear error).
Second, he argues that the agents employed coercive interrogation techniques in order to compel his confession, making that statement involuntary. We review the voluntariness of a suspect’s statements de novo. Id. The district judge credited Agent Smylie’s testimony and found there was nothing coercive or threatening about the interview. A police officer’s repeated exhortations to tell the truth do not amount to coercion. Amaya-Ruiz v. Stewart, 121 F.3d 486, 494 (9th Cir.1997); see also Cunningham v. City of Wenatchee, 345 F.3d 802, 810 (9th Cir.2003) (“[Cjontinuing to question a suspect after the suspect claims he is innocent does not constitute coercion and is often necessary to achieve the truth.”). Even if June’s testimony is believed, it indicates only that the agent moved his chair around and “looked down” on June, which does not suggest that his confession had been involuntarily coerced.
The record also belies the claim in June’s brief on appeal that he was handcuffed during the interview. The record reflects only that when June was asked during a pre-trial hearing to show the district judge how the interrogating officer had acted, he replied that “I have my hands cuffed, I can’t move my hands so.... ” June was clearly referring to the *992 fact that he was handcuffed during the hearing, and was therefore unable to properly show the judge how the officer had moved.
2. The Sentence
June also contends that his sentence was unreasonable. We review within-Guidelines sentences for reasonableness. United States v. Cherer, 513 F.3d 1150, 1159 (9th Cir.2008). June was sentenced to 324 months on both counts of the conviction, to be served concurrently. The Presentence Report (“PSR”) indicated that the Sentencing Guidelines suggested a sentence of 324 to 405 months, and the PSR itself suggested a sentence of 360 months. June contends that the sentence was excessive and unreasonable in light of his advanced age and history of alcohol abuse.
The district judge acknowledged that June’s age and other mitigating factors could support a more lenient sentence, but reasonably concluded that given the nature of the crime a sentence of 324 months — which was at the lower limit of the range suggested by the Guidelines— was “necessary to accomplish the deterrence and protection of the public objectives.” -No evidence was presented to the court regarding any recent abuse of alcohol. The most recent evidence, recounted in the PSR, is a 1984 arrest for driving under the influence. June’s own sentencing memorandum does not present alcohol abuse as a mitigating factor.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.